# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ASA LEA**, <br><br> Defendant. | Case No. 19-cr-89 (CRC) |

## MEMORANDUM OPINION

In November 2019, a jury convicted Asa Lea of unlawful possession of a firearm and ammunition by a felon. Mr. Lea now moves for a judgment of acquittal and a new trial, arguing that the evidence presented at trial was insufficient to convict him of the crime. Finding ample evidence to support the conviction, the Court will deny the motions.

On March 5, 2019, Lea was approached by two Metro Transit Police Department officers, Lemuel Woods and Karroll Wooley, who suspected that he was smoking marijuana at a bus stop. The officers eventually arrested Mr. Lea and recovered a gun from his front coat pocket. At his trial in November 2019, the government presented testimony from both arresting officers and the crime scene recovery officer as well as physical evidence recovered from Mr. Lea, including the firearm, ammunition, a digital scale, and $1,782 in currency. The defense presented testimony from a chemist employed by the D.C. Department of Forensic Sciences and Metro Transit Police Officer Justin Guida. On November 21, 2019, the jury convicted Mr. Lea of unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

Mr. Lea now moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29 and a new trial under Federal Rule of Civil Procedure 33 based on insufficiency of the evidence. The Court should grant a Rule 33 motion on the ground that the verdict is against

the weight of the evidence "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Rogers, 918 F.2d 207, 213 (D.C. Cir. 1990) (quoting United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988)). "[The relevant question" with respect to a Rule 29 motion "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Mr. Lea has not satisfied either of these high bars.

His sole argument is that the only trial evidence that tended to show his possession of the firearm at issue—the testimony of Officers Wood and Wooley—was "inherently incredible" because the officers testified that they observed Lea smoking a hand-rolled cigarette, but that cigarette was not among the items seized from him.[1] Def. Mot. 4-5. Not so. As the government points out, the officers' testimony about the cigarette bears only on the irrelevant issue of whether they credibly believed that Lea was smoking marijuana when they initially approached him.[2] The absence of physical evidence of the cigarette hardly makes the officers' testimony that they saw and recovered a firearm from Lea's front jacket pocket "inherently incredible." That consistent firsthand testimony from both officers—in conjunction with the physical evidence of the gun, ammunition, digital scale, and currency recovered from Mr. Lea—was sufficient to convince any rational juror that he possessed a firearm on March 5, 2019. Accordingly, the Court sees no basis for ordering a new trial or entering a judgment of acquittal.

---

[1] At trial, the parties stipulated that the firearm had traveled through interstate commerce and that Mr. Lea had been and knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

[2] The Court addressed Mr. Lea's Fourth Amendment challenges at a suppression hearing on August 12, 2019.

For the foregoing reasons, the Court will deny [56] Defendant's Motion for Judgment of Acquittal and New Trial. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 15, 2019